BY ECF                                                                April 25, 2019

**Honorable Ronnie Abrams, U.S.D.J.**
**United States District Court**
    **for the Southern District of New York**
**Thurgood Marshall United States Courthouse**
**40 Foley Square Courtroom 1106**
**New York, NY 10007**

Re:     *Hirsch v. VETR Inc.*
        **Docket No. 1:18-cv-11203-RA**

Dear Judge Abrams,

        Pursuant to Your Honor's December 13, 2018 Order (Dkt. 10) Plaintiff Steven Hirsch ("Plaintiff," or "Hirsch") and Defendant VETR, Inc. ("Defendant," or "VETR") jointly submit this letter in anticipation of the Status Conference scheduled for 1:45 PM on May 1, 2019.

### 1.  Brief Description of the Case

**Plaintiff's Perspective**

        Hirsch is a professional photographer in the business of licensing his photographs to online and print media for a fee. Hirsch photographed three cyber crooks in Court. Hirsch's photographs were properly and timely registered timely with the United States Copyright Office.

        VETR ran Hirsch's photographs on its Website. Hirsch did not license, give permission nor consent to publication of the photograph by the VETR.

        Hirsch asserts that the VETR's infringement was willful, intentional, purposeful, and in disregard or indifference to Hirsch's rights in the photograph.

**Defendant's Perspective**

        Vetr Inc. was a start-up company that created a website where anyone could post their views, free of charge, about a stock, its expected market price or the like.  The business concept was similar to the Zagat guide where anyone could rate a restaurant.  Vetr anticipated that data aggregators might purchase the stock-view data posted to the website.  Vetr attempted to raise more funds from investors in 2017-2018, but failed.  Vetr has not been successful.  In mid-2018, Vetr ceased to have any employees.  Vetr had no net income and losses in 2017 and 2018, as reflected in its tax returns.

        Vetr's website had received some financial related articles from other sources.  Vetr no longer receives such articles.  Vetr's website remains open only for anyone to post their stock views.

Vetr had received electronically an article of ZeroHedge that included two of Plaintiff's photographs that had appeared in a New York Post article.  Vetr did not realize that the article included photographs.  When Vetr learned of this action, Vetr arranged for the article with the photographs to be deleted.

Since Vetr learned of the action, and appeared through pro bono counsel on February 8, 2019, Vetr has tried to resolve it.  Vetr maintains that there was no willful, intentional, or purposeful infringement, or disregard or indifference to Plaintiff's rights.

### 2. **Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).   This Court has personal jurisdiction over the Defendant because the Defendant resides in and is transacting business in New York.  Venue is also proper in this District pursuant to 28 U.S.C.§1391(b).

### 3. **Contemplated Motions**

#### **Plaintiff**

Plaintiff anticipates that following the closing of discovery, it will file a motion for summary judgment against Defendant on liability for copyright infringement.

#### **Defendant**

Vetr does not now anticipate any motion.

### 4. **Discovery**

#### **Plaintiff's Perspective**

No discovery has taken place as of yet. Plaintiff would like to have discovery regarding where VETR received the Photographs. VETR's profits from the use of the Photographs, the policies that VETR has for using photos, the net-worth of VETR.

#### **Defendant's Perspective**

Vetr does not now plan to take discovery, as it has focused on trying to settle the action. Vetr did not make any profit from the photographs.  Vetr received an article electronically that contained the photographs.

5. **Prospect for Settlement**

**Plaintiff's Perspective**

The parties engaged in a preliminary settlement discussion. However, the parties are too far apart and would like discovery to commence. The parties will continue settlement discussions during discovery.

**Defendant's Perspective**

Vetr maintains that the action should be settled consistent with its financial ability and, assuming infringement, at an amount consistent with the minimum amounts prescribed by the statutes.  Vetr has provided financial information to Plaintiff's counsel.  Vetr maintains that this action should be settled and requests a settlement conference.

6. **Trial Length**

2-3 days

Respectfully Submitted,


/s/Richard P. Liebowitz                    /s/M. William Munno
Richard P. Liebowitz                       Seward & Kissel LLP
Liebowitz Law Firm, PLLC                   One Battery Park Plaza
11 Sunrise Plaza, Suite 305                New York, NY 10004
Valley Stream, NY 11580                    (212) 574-1587
(516) 233-1660                             Munno@sewkis.com
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Steven Hirsch*        *Attorneys for Defendant*